UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TRICIA J. ROBINSON and SHANNON EDMONDSON, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 3:16-CV-634-HSM-HBG |
| CLAIBORNE MEDICAL CENTER and COVENANT HEALTH, | ) ) ) ) | |
| Defendants. | ) | |

# ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is a Motion to Withdraw as Counsel [Doc. 33], filed by Attorneys Robin Moore and Robin Vance. By way of background, the parties appeared telephonically before the Court on January 22, 2018, over a discovery dispute. During the telephone conference, counsel for Plaintiffs explained that given their difficulties contacting Plaintiffs, they had initiated the process to withdraw pursuant to the Court's Local Rules. Specifically, Plaintiffs' attorneys represented to the Court that notice of their intent to withdraw was sent to Plaintiffs on January 19, 2018, and that they intended to file a motion to withdraw within fourteen days. The instant Motion was filed on February 5, 2018.

Pursuant to Local Rule 83.4, in order to withdraw from a case, an attorney must do the following:

> (1) File a motion with the Court requesting permission to withdraw as counsel of record;

> (2) Include in the motion the current mailing address and telephone number of the client;
>
> (3) Unless the motion is signed by both the attorney and the client or a consent to the withdrawal signed by the client is attached to the motion, provide a copy of the motion to the client at least 14 days prior to the date the motion is filed;
>
> (4) If a hearing date on the motion is set, certify in writing to the Court that the client was served at least 7 days before the hearing with notice (i) of the date, time, and place of hearing and (ii) that the client as a right to appear and be heard on the motion; and
>
> (5) Certify to the Court that the above requirements have been met.

The Court observes that the instant Motion does not include the certification that the above requirements have been met. In any event, and as mentioned above, during the January 22 telephone conference, Plaintiffs' attorneys represented to the Court that they sent notice of their intent to withdraw in this case to Plaintiffs on January 19, 2018.[1] Accordingly, given Plaintiff's attorneys' representation to the Court, the Court **GRANTS IN PART** the Motion to Withdraw as Counsel [**Doc. 33**]. The Court expects Attorneys Moore and Vance to provide copies of any relevant documents to any future counsel for Plaintiffs or directly to Plaintiffs upon their request. Attorneys Moore and Vance are hereby **RELIEVED** of their duties as counsel in this case. The Court declines to grant Plaintiffs sixty days to secure new counsel. Plaintiffs are encouraged to secure new counsel as soon as possible.

Plaintiffs are hereby **ADMONISHED** that they are **DEEMED** to be proceeding pro se. Until they obtain substitute counsel, it is their obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. Likewise, if they elect to proceed in this case

---

[1] The Court also observes that the Certificate of Service on the instant Motion states that it was served on January 19, 2018.

without an attorney, they are responsible for complying with all deadlines set by the Court and responding to any requests for relief by other parties, *see* E.D. Tenn. L.R. 7.1.  Plaintiffs, like any other party, will be expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders.   In its previous Order [Doc. 32], the Court stayed the deadlines outlined in the Scheduling Order and stated that it would revisit such deadlines when a motion to withdraw was filed.  The Court finds that the parties' final witness lists and pretrial disclosures **SHALL** be due on or before **March 27, 2018**, and that all discovery shall be completed on or before **March 27, 2018**.  All other deadlines outlined in the Scheduling Order remain unchanged.  Finally, the Clerk of Court is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiffs at the addresses provided in the Motion to Withdraw as Counsel and to update ECF accordingly.

    **IT IS SO ORDERED.**

                          ENTER:

                          _____
                          United States Magistrate Judge